# ORIGINAL

PETER C. WOLFF, JR. #2332
Federal Public Defender
District of Hawaii
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii 96850-5269
Telephone: (808) 541-2521
Facsimile: (808) 541-3545
E-Mail: peter_wolff@fd.org

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 8 2017

at 10 o'clock and 30 min. __M
SUE BEITIA, CLERK

Counsel for Petitioner
ROYCE C. GOUVEIA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYCE C. GOUVEIA<br>Petitioner<br><br>v.<br><br>NOLAN ESPINDA, Director of the<br>Department of Public Safety for the<br>State of Hawaii; and DOUG CHIN,<br>Attorney General of the State of Hawaii<br>Respondents | No. CV17 00021 SOM KJM<br><br>Section 2254 Petition; Certificate of<br>Service |

## Section 2254 Petition

1. Petitioner Royce C. Gouveia, a defendant in a pending State of

Hawaii criminal proceeding, seeks a writ of habeas corpus under 28 U.S.C. §2254

from the published opinion (and judgment on appeal) of the Hawaii Supreme Court

in SCWC-14-0000358, *State v. Gouveia*, 384 P.3d 846 (Haw. 2016). The Hawaii

Supreme Court affirmed the judgment and opinion (though not so much the

reasoning) of the Intermediate Court of Appeals in CAAP-14-0000358, 2016 WL

[1]

2066780 (Haw. Ct. App. 2015), and the First Circuit Court's orders granting the State a mistrial upon a finding of manifest necessity and denying the petitioner's double jeopardy claim against a retrial in Cr. No. 12-1-1474, filed on October 22, 2013, and December 19, 2013, respectively.

2.      The petitioner is on pretrial supervised release with a second trial in the offing. Such status suffices to sate §2254(a)'s "in custody" requirement. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Jones v. Cunningham*, 371 U.S. 236 (1963); *Means v. Navajo Nation*, 432 F.3d 924 (9th Cir. 2005).

3.      The petitioner raises a fully exhausted double jeopardy claim. There is no impediment to pursuing habeas relief on an exhausted double jeopardy claim, contending that the Fifth Amendment precludes the State from retrying the petitioner, even though the State's prosecution of him remains pending in the state courts. *Lydon*, supra; *Abney v. United States*, 431 U.S. 651 (1977). Present counsel anticipates that the petitioner's state court counsel will seek a stay from the state circuit court of the state court proceedings while this federal habeas proceeding remains pending in the federal courts. If the state court fails to issue a stay, the petitioner will ask that this Court do so. As *Abney* and *Lydon* and other cases readily recognize, the right the petitioner seeks to vindicate in this habeas

proceeding (the right not to be retried) will be lost if he is retried before this proceeding runs its course.

4.     This petition is timely filed within a year of the Hawaii Supreme Court's October 25, 2016, published opinion rejecting the petitioner's double jeopardy claim. 28 U.S.C. §2244(d)(1)(A).

5.     **Ground for relief.** Further prosecution of the petitioner violates the Fifth Amendment's double jeopardy clause.

The State indicted the petitioner on a charge of reckless manslaughter, Haw. Rev. Stat. §707-702(1)(a), on October 4, 2012. The charge arises from a fight he had with the alleged victim, Albert Meyer, on September 25, 2012, during which he struck Meyer, which caused Meyer to fall down, and Meyer then struck his head on pavement and died two days later. The jury completed a verdict form acquitting the petitioner. It announced it had reached a verdict by way of a jury communication written at "1420" (2:20 p.m.). That communication was followed by another, written four minutes later at "1424," that stated: "Concern. This morning on prosecutor's side of court room there was a male, shaved head, glaring and whistling at defendant. We have concern for our safety as jurors." That male was Meyer's brother.

The circuit court refused to 'take' (the court's word) the jury's verdict. But the Hawaii Supreme Court recognized that the circuit court and the parties believed

the verdict acquitted the petitioner (why else, indeed, fear the skinhead rooting for the prosecution?), which was confirmed when the Intermediate Court of Appeals later unsealed it on appeal. Instead, the circuit court questioned each juror about the noted safety concerns. The court heard testimony from each juror, and each juror testified that the concerns about Meyer's brother's response to the verdict did not influence his or her decision, which the record, as noted, makes clear the parties and the court understood was to acquit the defendant. Oddly though, the circuit court refused to find the jurors' testimony credible, remarking, without elaboration or explanation, that it simply "beggar[ed]" the court's "reason and common sense" that Meyer's brother's conduct "could not have had any impact on their deliberations and decision in this case."

The court's credibility finding was generally stated, without specifying how many or which jurors the court found to have testified incredulously. The adverse credibility finding is also very perplexing, given that Hawaii courts, as others, generally presume adherence to jury instructions, the jury here was instructed to base their verdict on the admitted trial evidence and nothing else, and the circuit court made it a point to find and emphasize that it did not believe any of the jurors were lying. (How can testimony found to be true also be found to be not credible?) Nonetheless, the court ruled that the jury was unduly influenced by fear of retaliation from Meyer's brother, that their verdict was tainted, that there was a

[4]

manifest necessity to grant the State's motion for a mistrial over the petitioner's objection, and that double jeopardy did not, accordingly, preclude retrial. That it was the State moving, and the petitioner objecting, to a mistrial further confirms the Hawaii Supreme Court's finding that everyone was well aware that the jury's verdict acquitted the petitioner.

On appeal and after the case went through the Intermediate Court of Appeals, the Hawaii Supreme Court affirmed the circuit court's double jeopardy ruling. The Hawaii Supreme Court disavowed the circuit court's credibility finding, but nonetheless affirmed on the notion that the totality of circumstances—but emphasizing, however, only one, that jurors discussed Meyer's brother's conduct during their deliberations—established manifest necessity to declare the mistrial and reject the petitioner's double jeopardy claim.

The petitioner's claim here, presented as his sole ground for relief, is that the Fifth Amendment's double jeopardy clause bars his retrial. There is no support in the state court record to find that any of the jurors violated the jury instructions and was influenced by Meyer's brother's conduct to vote for acquittal; so there is no support for finding manifest necessity to declare a mistrial and over-ride the petitioner's double jeopardy right to have his trial concluded by a single jury, here the jury that actually acquitted him. *Arizona v. Washington*, 434 U.S. 497, 504–505 (1978); *Wade v. Hunter*, 336 U.S. 684, 689–690 (1949). Similarly, there is no

[5]

support for finding the jurors' testimony, confirming that their safety concerns did not influence their verdict, incredulous. To the contrary, what defies common sense is not their testimony, but the notion that a vote to acquit is tainted by a concern that voting to acquit might prompt retaliation. Fear of retaliation can only taint a verdict when that verdict reaches the result that would obviate the need for retaliation and, thus, would also cause the jurors to cease feeling afraid. When the fear of retaliation *survives* the verdict reached, the only reasonable conclusion is that the fear of retaliation arises *from* the verdict reached, not that the verdict reached was influenced by the fear. There is no viable, reasonable concern about undue influence when jurors vote their conscience *despite* a concern that doing so might bring them harm.

This is that rare case in which the state courts' denial of the petitioner's federal claim rests on findings that are objectively unreasonable on the basis of the state court record. Cf., e.g., *Miller-El v. Cockrell*, 537 U.S. 322 (2003); see also *O'Neal v. McAninch*, 513 U.S. 432 (1995) ("grave doubt" requires granting habeas relief). As the Supreme Court reaffirmed in *Miller-El*:

> Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, guided by the AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.

[6]

*Miller-El*, 537 U.S. at 340. The circumstances that the state courts purported to rely upon—pre-verdict discussion of Meyer's brother during deliberations, then the post-verdict note expressing that jurors remained concerned about their safety—just do not support the inference the state courts drew from them: that jurors voted against their instructions and consciences for acquittal. Rather, the only inference the totality of the circumstances support drawing is that some jurors' concern for their safety arose *from* their verdict to acquit, not the other way around, not that their acquittal was tainted by their fears.

Perhaps more importantly, this is also a case in which the state court record lacks any support for the state courts' refusal to give the jury's acquittal the preclusive effect the double jeopardy clause requires. That the acquittal was not reduced to a formal judgment and was not formally received (or taken) by the trial judge in open court does not prevent it from having the finality necessary to preclude retrial. Rather, because there is no indication here that the jurors did or would have deliberated further, the record clearly establishes that this was the jury's final determination of the petitioner's guilt or innocence. That is all that the double jeopardy clause requires for an acquittal to carry preclusive effect. *Blueford v. Arkansas*, 132 S.Ct. 2044, 2050–2052 (2012); *Yeager v. United States*, 557 U.S. 110, 121–125 (2009).

[7]

6.      The petitioner has not filed any other federal or state proceedings related to this matter, nor did he seek a writ of certiorari from the United States Supreme Court.

7.      In the state courts, the petitioner has been and continues to be represented by Keith Shigetomi, Pacific Park Plaza, Suite 1440, 711 Kapiolani Boulevard, Honolulu, Hawaii, 96813.

8.      The petitioner requests that this Court grant his Fifth Amendment double jeopardy claim and order that the State of Hawaii give effect to the jury's acquittal, enter judgment in accordance with that verdict, and dismiss Cr. No. 12-1-1474 with prejudice, and grant any other relief to which the petitioner is entitled.

DATED:  Honolulu, Hawaii, January 12, 2017.


PETER C. WOLFF, JR.
Attorney for Petitioner
Royce C. Gouveia


ROYCE C. GOUVEIA
Petitioner

## CERTIFICATE OF SERVICE

I, PETER C. WOLFF, JR., hereby certify that on the date noted below, a

true and correct copy of the foregoing was served on:

> DOUGLAS CHIN
> State of Hawaii Attorney General
> Department of the Attorney General
> 425 Queen Street
> Honolulu, Hawaii  96813
>
> NOLAN ESPINDA
> Department of Public Safety Director
> State of Hawaii Department of Public Safety
> 919 Ala Moana Boulevard, 4th Floor
> Honolulu, Hawaii  96814
>
> KEITH M. KANESHIRO
> Prosecuting Attorney for the City and County of Honolulu
> Department of the Prosecuting Attorney
> 1060 Richards Street
> Honolulu, Hawaii  96813

DATED:  Honolulu, Hawaii, January 18, 2017.

PETER C. WOLFF, JR.
Attorney for Petitioner
Royce C. Gouveia