IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROYCE C. GOUVEIA, | ) | Civ. No. 17-00021 SOM/KJM |
| | ) | |
| Petitioner, | ) | ORDER ENJOINING REPROSECUTION |
| | ) | OR RETRIAL OF GOUVEIA; |
| vs. | ) | |
| | ) | ORDER DIRECTING STATE COURT |
| NOLAN ESPINDA, Director of | ) | TO DISMISS PENDING CRIMINAL |
| the Department of Public | ) | CASE WITH PREJUDICE AND TO |
| Safety for the State of | ) | RELEASE GOUVEIA FROM ALL |
| Hawaii; and DOUG CHIN, | ) | CONDITIONS OF SUPERVISED |
| Attorney General of the State | ) | RELEASE; |
| of Hawaii, | ) | |
| | ) | ORDER STAYING ORDER DIRECTING |
| Respondents. | ) | STATE COURT TO DISMISS |
| _____ | ) | PENDING CRIMINAL CASE WITH |
| | | PREJUDICE; |
| | | |
| | | ORDER GRANTING CERTIFICATES |
| | | OF APPEALABILITY |

**ORDER ENJOINING REPROSECUTION OR RETRIAL OF GOUVEIA;**

**ORDER DIRECTING STATE COURT TO DISMISS PENDING
CRIMINAL CASE WITH PREJUDICE AND TO RELEASE GOUVEIA
FROM ALL CONDITIONS OF SUPERVISED RELEASE;**

**ORDER STAYING ORDER DIRECTING STATE COURT
TO DISMISS PENDING CRIMINAL CASE WITH PREJUDICE;**

**ORDER GRANTING CERTIFICATES OF APPEALABILITY**

I.        INTRODUCTION.

On August 25, 2017, this court issued an Order Granting

Habeas Petition pursuant to 28 U.S.C. § 2241. *See* ECF No. 22.

Judgment in favor of Petitioner Royce C. Gouveia was entered the

same day. *See* ECF No. 23.

On August 29, 2017, Gouveia sought to amend the order

and judgment pursuant to Rule 60(a) of the Federal Rules of Civil

Procedure.  *See* ECF No. 24.  That motion is granted in part.  The court clarifies here its earlier ruling.

First, the State of Hawaii is enjoined from reprosecuting or retrying Gouveia for the manslaughter charge at issue in the state court criminal case numbered 1PC121001474.  Second, the court orders the State of Hawaii to dismiss with prejudice the state court criminal case against Gouveia numbered 1PC121001474 and orders that he be relieved of all conditions of supervised pretrial release.  Third, the court stays the order requiring dismissal of the criminal case until such time as this case becomes final, meaning that all appeals of this court's orders and judgment have been adjudicated.  The court also grants the parties a certificate of appealability to allow them to appeal this court's determination that the mistrial was not supported by manifest necessity and that the sealed jury verdict was not a final verdict for double jeopardy purposes.

II.      **RULE 60(a) STANDARD**.

Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Rule 60(a) may not be the only vehicle for the clarification Gouveia seeks; Gouveia possibly could have sought relief under Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Still, Rule 60(a) does allow this "court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (quotation marks and citation omitted).

## III.     ANALYSIS.

Gouveia's § 2241 motion asked this court to "order that the State of Hawaii give effect to the jury's acquittal, enter judgment in accordance with that verdict, and dismiss Cr. No. 12-1-1474 with prejudice, and grant any other relief to which the petitioner is entitled." ECF No. 1, PageID # 8.

In its order of August 25, 2017, this court granted Gouveia's § 2241 motion, stating that "Gouveia may not be retried fo manslaughter in violation of section 707-702(1)(a) of Hawaii Revised Statutes." ECF No. 22, PageID # 644.

On August 29, 2017, Gouveia moved under Rule 60(a) for clarification of the court's order, arguing that this court had not explicitly barred any retrial of Gouveia for manslaughter, had not ordered the dismissal of the state-court proceedings with

3

prejudice, and had not ordered the state to immediately release Gouveia from all pretrial release conditions imposed on him. *See*, *e.g.*, ECF No. 24, PageID # 647. This court grants the motion in part, ruling that the following clarification reflects the necessary implications of the court's order of August 25, 2017, and ensures that the purpose of granting relief to Gouveia is fully implemented, while preserving the rights of the parties to appeal. *See Tattersalls*, 745 F.3d at 1298.

This court believes that its original order was sufficiently clear that the State of Hawaii cannot retry Gouveia on the same manslaughter charge. This court has no reason to believe that the State of Hawaii will flout this court's order. Nevertheless, an examination of the state court docket sheet indicates that Gouveia's retrial is still set to begin on September 25, 2017, with "trial call" set for September 19, 2017. *See* Docket Sheet, available through eCourt KōKua on the Hawaii State Judiciary website, www.courts.state.hi.us (input CaseID 1PC121001474 under "Case Search" after entering eCourt KōKua) (last visited September 12, 2017). This court therefore explicitly clarifies its earlier order and enjoins the State of Hawaii from reindicting or retrying Gouveia on the manslaughter charge at issue in case number 1PC121001474. Absent a stay or reversal of this court's order by an appellate court, the

manslaughter charge at issue in case number 1PC121001474 may not proceed.

Gouveia also asks this court to clarify that the State of Hawaii must dismiss the pending criminal case with prejudice. While dismissal is an automatic consequence of this court's double jeopardy ruling, the immediate dismissal of the state court criminal case with prejudice could make a nullity of the appeal Respondents indicate they will take from this court's order and judgment. *See* ECF No. 26, PageID # 658. If this court were to order the immediate dismissal of the criminal case with prejudice, the passage of time during the pendency of the appeal could create a statute of limitations issue if Respondents prevail on appeal and the State of Hawaii seeks to reindict or retry Gouveia on the manslaughter charge. Accordingly, while the court orders the State of Hawaii to dismiss the manslaughter case against Gouveia in case number 1PC121001474 with prejudice, this court stays that order to allow the appellate court(s) to rule on the correctness of this court's order and judgment. If this court's order and judgment become final by being affirmed, this stay shall automatically be lifted, and the State of Hawaii must immediately dismiss with prejudice the manslaughter charge asserted in case number 1PC121001474.

Gouveia also asks this court to clarify that the State of Hawaii must release him from the conditions of his supervised

pretrial release.  This court agrees that, unless the State of
Hawaii obtains a stay of this part of the court's order from the
Ninth Circuit Court of Appeals, the State of Hawaii must relieve
Gouveia of the terms of his supervised pretrial release.  This
court declines to stay this part of the order.

The Clerk of Court is directed to send a certified
copy of this order with a notation that it pertains to *Hawaii v
Gouveia*, 1PC121001474, to counsel of record and to: 1) Circuit
Court Judge Glenn J. Kim, First Circuit Judge, 777 Punchbowl
Street, Honolulu, Hawaii 96813; 2) Kristine Yoon Yoo, Esq., Dept.
of the Prosecuting Attorney, 1060 Richards Street, Honolulu, HI
96813; and 3) Keith S. Shigetomi, Esq., Pacific Park Plaza, 711
Kapiolani Boulevard, Ste. 1440, Honolulu, HI 96813.

## IV.      THE COURT GRANTS CERTIFICATES OF APPEALABILITY.

Under 28 U.S.C. § 2253(c)

(c)(1) Unless a circuit justice or judge
issues a certificate of appealability, an
appeal may not be taken to the court of
appeals from–

    (A) the final order in a habeas corpus
proceeding in which the detention complained
of arises out of process issued by a State
court; or

    (B) the final order in a proceeding
under section 2255.

(2) A certificate of appealability may issue
under paragraph (1) only if the applicant has
made a substantial showing of the denial of a
constitutional right.

> (3) The certificate of appealability under
> paragraph (1) shall indicate which specific
> issue or issues satisfy the showing required
> by paragraph (2).

28 U.S.C.A. § 2253(c).

It is not clear whether only Gouveia needs a certificate of appealability to appeal this court's determination or whether Respondents also need such a certificate. To ensure that each party's rights are safeguarded, this court grants, to the extent required, Respondents a certificate of appealability to appeal this court's orders and judgment based on this court's determination that the mistrial was not supported by manifest necessity. In so doing, this court recognizes that reasonable jurists could find this court's determination debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although Gouveia prevailed on the merits of his double jeopardy claim, he did not prevail on each of the grounds he raised in his § 2241 motion. In case Gouveia needs a certificate of appealability to challenge rulings on grounds rejected by this court, *see Jennings v. Stephens*, 135 S. Ct. 793, 798 (2015), this court grants him a certificate of appealability with respect to arguments rejected by this court (e.g., that the sealed state-court verdict was a final verdict for purposes of the Double Jeopardy Clause). This court recognizes that reasonable jurists might find this court's rejection of Gouveia's arguments debatable or wrong. *See id.*

For example, in footnote 1 of the present motion, Gouveia argues that "this [c]ourt's concern about the lack of polling is misplaced." ECF No. 24 n.1, PageID # 649. Although this court did not say that polling was a prerequisite to rendering any verdict final for double jeopardy purposes, it did reason that the unpolled jurors could have changed their minds such that the sealed verdict in Gouveia's manslaughter trial was not final for double jeopardy purposes. Reasonable jurists could disagree on this point.

In his Rule 60(a) motion, Gouveia posits for the first time that, because the state trial court individually voir dired jurors regarding whether the menacing man affected the verdict, that was tantamount to polling the jury. *See id.* Asking whether the menacing man affected the verdict is not the same as asking whether the verdict reflected each juror's decision. This court also recognizes that reasonable jurists could disagree with respect to this argument and with respect to whether the sealed verdict was a final verdict for purposes of the Double Jeopardy Clause.

## V.       CONCLUSION.

The court grants Gouveia's Rule 60(a) motion in part. The court enjoins the retrial of Gouveia, orders dismissal of the pending charges with prejudice but stays the dismissal requirement, orders Gouveia's immediate release from supervised

8

pretrial release conditions, and grants both parties certificates of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Gouveia v.Espinda, et al., Civ. No. 17-00021 SOM/KJM; ORDER ENJOINING
REPROSECUTION OR RETRIAL OF GOUVEIA; ORDER DIRECTING STATE COURT TO DISMISS
PENDING CRIMINAL CASE WITH PREJUDICE AND TO RELEASE GOUVEIA FROM ALL
CONDITIONS OF SUPERVISED RELEASE; ORDER STAYING ORDER DIRECTING STATE COURT TO
DISMISS PENDING CRIMINAL CASE WITH PREJUDICE; ORDER GRANTING CERTIFICATES OF
APPEALABILITY